## JOHN P. HORR

*v.*

## THE PEOPLE *ex rel.* William Stadelman *et al.*

*Filed at Ottawa May 18, 1880.*

1. CONTEMPT—*in constable for refusing to deliver property levied upon to sheriff on replevin.* Where a constable has levied upon property under an execution in his hands, and a party other than the defendant in execution sues out a writ of replevin for the property against the constable, the court issuing the writ of replevin has no right to require the constable to deliver the property to the sheriff, and the constable is not liable to punishment for a contempt of court in refusing to surrender the property on demand to the

officer having the writ of replevin. The defendant in replevin is not bound to assist the officer in the execution of his process.*

2. OFFICER—*released from selling property levied on when taken from him on replevin.* The taking of property from a constable which he has seized on execution, by a writ of replevin, is a full protection to him for failing to sell the same, but he is not bound to part with the property by any affirmative action of his own.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Appellant, being a constable of Cook county and having in his hands a *fi. fa.* from a justice of the peace against the property of one Mrs. Herman, in favor of one Johns, by the advice and directions of Johns seized certain personal property, which is alleged to be the property of a firm known as "The Chicago Furniture Company," and of which one Stadelman (a son of Mrs. Herman) was a member; and having seized the same, gave the same into the custody of Johns, the plaintiff named in the *fi. fa.,* to hold until the day of sale.

Stadelman and others, composing the "Furniture Company," brought replevin for these goods against Horr, the constable, and Johns, the plaintiff in execution.

The writ was given to the sheriff to execute. He made return to the writ, that he had served the same "as to John P. Horr by reading the same to him and also demanding the within described property from him, and which said defendant refused to deliver," and that the other defendant was "not found."

Afterwards, on motion of plaintiffs in the replevin suit, the court entered a rule against Horr, on the affidavit of the deputy sheriff (who had the writ to execute), "that as such, on April 29, 1878, he demanded of Horr" the property in question; "that said Horr *then and there* had the possession and control of said property, and then and there refused to

---

* See, also, *Yott* v. *The People,* 91 Ill. 11, as to the power of the court to compel the defendant in replevin to surrender the property.

surrender the same to the sheriff of Cook county upon such demand."

The rule required Horr to. deliver to the sheriff the property or show cause to the contrary by 10 o'clock of a given day.

In answer to the rule Horr appeared, and for cause showed that the property in question was in the custody of his co-defendant and not in the possession and control of himself, and not in his power to deliver.

The court thereupon extended the time for complying with the rule two days longer.

This time having expired, and the rule not being complied with, Horr was brought before the court for contempt in not obeying this rule, and fined $25, and committed to jail for twenty-five days.

From this judgment and order an appeal was allowed to this court, and appellant asks that the same be reversed.

Mr. JOSEPH SCHLERNITZAUER, for the appellant.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is not perceived how this judgment can be sustained. We know of no law making it the duty of a defendant, in an action of replevin, to assist the officer in the execution of his process.　　If he knew, as he swears, that the property was then and there in the possession and control of Horr, why did he not take it? It is not charged that he was resisted in the performance of his duty by the action of any one.　　The only statements in the record of any supposed cause of offence are, that in the return of the sheriff, that he "refused to deliver" to him the property; and that of the affidavit of the deputy, that appellant "had the possession and control" of the property and "refused to surrender the same to him on demand," and that in the recital in the record that he failed to comply with the rule which required him "to deliver the property to the sheriff."

The constable had, by the direction of the plaintiff in execution, taken the property as the property of the defendant in execution. The sheriff claimed the property as that of the plaintiffs in replevin, and no doubt under his writ had lawful authority to take it.

The fact of such taking would be a full protection to the constable for failing to sell. But he was not bound by any affirmative action of his own to part with the property. He had a right to say to the sheriff: Take at your peril. I will not make myself responsible to the plaintiff in my execution for your act. The writ commanded *the sheriff* to take the property; it did not command the defendants in replevin to deliver the property to the sheriff.

We think it was error in the circuit court to impose this upon appellant as a duty, and to fine and imprison him for a failure to perform the supposed duty. We have not had our attention called to any precedent for such a proceeding.

The judgment and order of the circuit court, imposing the fine and ordering the imprisonment, must be reversed.

*Judgment reversed.*